# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-385 (DWF/BRT)<br>Civil No. 17-16 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Cain Lee Wiskow, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Cain Lee Wiskow's ("Petitioner-Defendant") Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Doc. No. 74.) The United States of America opposes Petitioner-Defendant's motion. (Doc. No. 87.) Petitioner-Defendant specifically asserts that he was improperly sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines. Petitioner-Defendant states that the Court, in including the two convictions for crimes of violence, pursuant to U.S.S.G. § 4B1.2, namely, a 2000 Wisconsin conviction for Battery by a Prisoner Under Wisconsin Statute § 940.20(1) (1999-2000) and a 2008 Minnesota conviction for First-Degree Aggravated Robbery under Minnesota Statute § 609.245, subdivision 1, erred because neither are crimes of violence. The Government opposes Petitioner-Defendant's motion, alleging that he has two prior convictions that qualify him as a career offender pursuant to § 4B.1 of the Guidelines and that Petitioner-Defendant's *Johnson v. United States*, 135 S. Ct. 2551 (2015), argument was rejected by the Supreme

Court in *United States v. Beckles*, 137 S. Ct. 886, 890 (2017). For the reasons that the Court discusses below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

On December 9, 2014, Petitioner-Defendant was charged in a single-count indictment with Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). (Doc. No. 17; Presentence Investigation Report ("PSR") at ¶ 1.) On April 1, 2015, Petitioner-Defendant pled guilty pursuant to a written plea agreement to one count of the lesser included charge of Bank Robbery, in violation of 18 U.S.C. § 2113(a). (Doc. No. 53; PSR at ¶ 2.) In the written plea agreement, as both parties have noted, Petitioner-Defendant agreed that he was a career offender and would be sentenced as such under the Guidelines, as follows:

> iii. Pursuant to Guidelines § 4B1.1(a), defendant is a career offender because he was 18 years old at the time of the offense, the offense involved a crime of violence, and defendant has at least two prior felony convictions for a crime of violence. Therefore, pursuant to Guidelines § 4B1.1(b), defendant's offense level is 32 because the statutory maximum sentence is 20 years in prison.

(Doc. No. 54.)

Prior to sentencing, the PSR concluded that Petitioner-Defendant had four prior convictions qualifying him as a career offender pursuant to the Guidelines, as follows:

(1) 2000 Conviction for Burglary of Building or Dwelling (Felony) in Trempealeu County, WI (WI Stat. §§ 943.10(1)(a) and (2)(b));

(2) 2000 Conviction for Battery by Prisoners (Felony) in Trempealeu County, WI (WI Stat. § 940.20(1));

> (3) 2008 Conviction for Fleeing a Police Officer in a Motor Vehicle in Olmsted County, Rochester, (MN Stat. § 609.487, subdivision 3); and
>
> (4) 2008 Conviction for First Degree Aggravated Robbery in Olmsted County, MN (MN Stat. § 609.245, subdivision 1).

(PSR at ¶¶ 39-40, 45-46.)

However, between the time of the plea and Petitioner-Defendant's sentencing, the Supreme Court decided *Johnson*, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Consequently, prior to sentencing, but after Petitioner-Defendant's plea, in his sentencing position filed on December 9, 2015, Petitioner-Defendant objected to his career offender status, analogizing *Johnson's* ACCA holding to § 4B1.1(a) of the Guidelines. (Doc. No. 63.) At that time, Petitioner-Defendant's argument was based upon the *Johnson* decision and there were no other objections concerning his career offender status.

The sentencing hearing occurred on December 14, 2015. At that time, Petitioner-Defendant objected to three of the four convictions the PSR found to be career-offender-qualifying: (1) the 2000 Wisconsin Burglary conviction; (2) the 2000 Wisconsin Battery conviction; and (3) the 2008 Minnesota Fleeing conviction. *Id.* at 2-3. Petitioner-Defendant did not object to the 2008 Minnesota Robbery conviction and this Court noted at that time that the robbery conviction was the one of the four qualifying convictions that was not at issue. *Id.* at 2.

As clearly noted by the Government, this Court concluded that under existing Eighth Circuit law and "without any reliance on the residual clause," that the 2008

3

Minnesota Robbery conviction and the 2000 Wisconsin Battery conviction both served as career-offender-qualifying convictions. As a result, this Court did not reach the issue of whether the 2000 Wisconsin Burglary conviction and the 2008 Minnesota Fleeing conviction served as predicate offenses.

This Court sentenced Petitioner-Defendant to 164 months, which was within the 151-188 months Guidelines range. (Doc. No. 70; Sent. Tr. at 8.)

Significantly, however, this Court's view at the sentencing, which continues to be the Court's view as of this date, that pursuant to the § 3553(a) factors, the Court would have imposed a 164-month sentence without regard to Petitioner-Defendant's status as a career offender. (Sent. Tr. at 40-41.) Specifically, the Court stated:

> And my view today is, and I am going to take into account the 14 months of – because actually, to be quite candid, **under the 3553(a) factors alone, apart from the Guidelines,** if it wasn't for the 14 months and what I would call hard time, and that is relevant under nature of the punishment, I would be probably up at around close to 188 months. What I will be doing today taking all of the factors into account, is imposing a 164-month sentence.

(Sent. Tr. at 41.)

On January 3, 2017, Petitioner-Defendant filed a habeas petition seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 74.) As noted above, Petitioner-Defendant argues that neither his 2000 Wisconsin Battery conviction nor his 2008 Minnesota Robbery conviction are career-offender-qualifying convictions.

## DISCUSSION

I.      **Section 2255 Legal Standard**

As the Government has observed, Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Section 2255 does not encompass all claimed errors in conviction and sentencing. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Importantly, as observed by the Government, the Eighth Circuit has consistently held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Id.* The Court would respectfully suggest that is especially the situation in Petitioner-Defendant's case because this Court would have imposed the same sentence, as noted, pursuant to the § 3553(a) factors without regard to his asserted status as a career

offender.  As the Court noted at the sentencing hearing, *id.* at 40-41, anything less than 164 months would have promoted disrespect for the law.

**II.     U.S.S.G. § 4B1.1:  Federal Sentencing Guidelines Career Offender Enhancement**

The Career Offender sentencing enhancement, pursuant to § 4B1.1 of the advisory Sentencing Guidelines, applies if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1.  Section 4B1.2 defines crime of violence as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year that
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents serious potential risk of physical injury to another.

U.S.S. G. § 4B1.2 (Nov. 2014).

**III.    *Johnson* and Armed Career Criminal Act**

The ACCA establishes enhancement sentencing for a felon in possession case where a defendant has three previous convictions for a violent felony or a serious drug

6

offense, or both, committed on occasions different from one another. 18 U.S.C. § 924(e)(1).

In June 2015, the United States Supreme Court held in *Johnson v. United States* that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). The Supreme Court, however, did not strike any other provisions of the ACCA. Moreover, the Court kept intact the remainder of the ACCA's definition of "violent felony."

It is true, as noted by both counsel, that *Johnson's* effect on the career offender provision of the Guidelines remained an open question until the Supreme Court issued its opinion in *United States v. Beckles*, 137 S. Ct. 886 (2017). In *Beckles*, as the parties have acknowledged, the Court declined to extend *Johnson's* holding to the residual clause of the Guidelines. 137 S. Ct. 892. Consequently, because the advisory nature of the Guidelines do not implicit due process concerns in the same manner as the ACCA, the Court held that the "residual clause in section 4B1.2(a)(2) is not void for vagueness." *Id.* at 897.

Obviously, as acknowledged by both parties, *Beckles* was pending before the Supreme Court at the time Petitioner-Defendant filed his § 2255 petition. He has acknowledged in his petition that the Court's holding in *Beckles* would resolve the question as to whether *Johnson* applies to the advisory guidelines. We all know now that it does not. Therefore, as observed by the Government, Petitioner-Defendant's *Johnson* challenge is to his career offender status and is without merit.

## A. Prior convictions

The Court will address the merits of Petitioner-Defendant's objections to the 2000 Wisconsin Battery conviction and the 2008 Minnesota Aggravated Robbery conviction, notwithstanding the decision in *Beckles* and, more importantly, the Court made it clear at the sentencing, as noted above, and restates a this time that, pursuant to the § 3553(a) factors, the Court would have imposed a sentence of 164 months even if Petitioner-Defendant had not been a career offender. *Id.* at 40-41.

## B. 2000 Wisconsin Battery conviction

As observed by both parties, Petitioner-Defendant was convicted of Battery by Prisoners in 2000 pursuant to Wisconsin Statute § 940.20. (PSR at ¶ 41.) The version of Wisconsin Statute § 940.20 in effect in 2000 provided, in pertinent part:

940.20 Battery: Special Circumstances

(1) Battery by Prisoners. Any prisoner confined to a state prison or other state county or municipal detention facility who intentionally causes bodily harm to an officer, employee, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class D felony.

The Court stands by its decision that it made at the time of sentencing, namely, that Wisconsin's Battery by Prisoner statute qualifies as a crime of violence under the force clause of the Guidelines, a conclusion supported then and now by caselaw. Sent. Tr. at p. 5; *see, e.g., Sharp v. United States*, 2016 WL 4507395 at *2 (W.D. Wis. Aug. 26, 2016) ("A prior conviction for committing battery by a prisoner . . . qualifies as . . . a crime of violence under § 4B1.2 of the Guidelines."); *United States v. Jones*, 2016 WL

8

4186929 *6 (D. Minn. Aug. 8, 2016 ("persuasive authorities from Wisconsin indicate that the 'bodily harm' element in Wisconsin's battery-to-law-officers statute is an element to satisfy the ACCA's force clause."); *United States v. Woodson*, 513 Fed. App'x 616, 618 (7th Cir. 2013) (Wisconsin's general battery statute "meets the Guidelines' crime-of-violence definition . . . ."); *United States v. Peters*, 462 F.3d 716, 720 (7th Cir. 2006 (same).

### C. 2008 Minnesota Aggravated Robbery Conviction

Petitioner-Defendant was convicted of Aggravated Robbery in 2008 pursuant to Minnesota Statute § 609.245.1.  *See* PSR at ¶ 46.  The version of Minnesota Statute § 609.245 in effect in 2008 provided, in pertinent part as follows:

609.245 AGGRAVATED ROBBERY

Subdivision 1. First degree. Whoever, while committing a robbery is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree . . . .

Again, the Court concludes at this time, which it did at the time of sentencing, namely, that Minnesota's aggravated robbery statute qualifies as a crime of violence under the force clause of the Guidelines.

Admittedly, after *Johnson*, courts in our Circuit and in the District of Minnesota have disagreed whether aggravated robbery categorically qualifies as a predicate offense pursuant to the ACCA's force clause.  *See, e.g.*, *Taylor*, 2017 WL 506253, at *5-7 (D. Minn. Jan. 2, 2017) (concluding that simple robbery is a predicate felony);

9

*United States v. Townsend*, 2016 WL 7339202, at *3-4 (D. Minn. Dec. 19, 2016) (concluding that first-degree aggravated robbery is divisible, meaning that a conviction under the dangerous weapon clause is not an ACCA predicate offense while a conviction under the inflicting bodily harm clause is a predicate offense); *United States v. Pettis*, 2016 WL 5107035, at *3 & *5 (D. Minn. Sept. 19, 2016) (concluding that simple robbery is not a predicate felony under the ACCA and that first-degree aggravated robbery is divisible, meaning that a conviction under the dangerous weapon clause is not an ACCA predicate offense while a conviction under the inflicting bodily harm clause is an ACCA predicate offense); *United States v. Jones*, 2016 WL 4186929, at *4 (D. Minn. Aug. 8, 2016) (concluding that first-degree aggravated robbery is divisible, meaning that a conviction under the dangerous weapon clause is not an ACCA predicate offense while a conviction under the inflicting bodily harm clause is an ACCA predicate offense); *United States v. Crandall*, 2016 WL 3512137 (D. Minn. June 22, 2016) (concluding that both clauses of first-degree aggravated robbery qualify as ACCA predicate offenses).

Under Minnesota law, when a robber commits first degree aggravated robbery, he must necessarily commit an act of simple robbery. *See State v. Oksanen*, 149 N.W.2d 27, 29 (Minn. 1967) ("[O]ne must be guilty of simple robbery before one can be guilty of aggravated robbery."). Simple robbery is a lesser-included offense to aggravated robbery in the first-degree. Similarly, in committing simple robbery, the robber must necessarily commit at least assault in the fifth degree. *State v. Stanifer*, 382 N.W.2d 213 (Minn. App. 1986). Assault in the fifth-degree (a misdemeanor) is a lesser-included offense to the

felony of simple robbery. *Id.* Under Minnesota law, a person commits an assault in the fifth-degree if he either commits an act with intent to cause fear in another of immediate bodily harm or death, or intentionally inflicts or attempts to inflict bodily harm upon another person. M.S.A. § 609.224, subd. 1.

In a similar context, the Eighth Circuit concluded that felony convictions of the Minnesota domestic abuse statute[1]—which contains identical elements and definitions to those for assault in the fifth-degree—are predicate felonies pursuant to the force clause of the ACCA. *United States v. Schaffer*, 818 F.3d 796, 798-99 (8th Cir. 2016). In *Schaffer*, the defendant was convicted of a felony for committing an act against a family or household member with intent to cause fear in another of immediate bodily harm or death. *See id.* at 797. The Eighth Circuit held that such a conviction was a predicate felony under the ACCA. *Id.* at 798.

Further, the *Schaffer* case must be read in the context of *United States v. Lindsey*, 827 F.3d 733 (8th Cir. 2016) (decided two months later). In *Lindsey*, the defendant argued that his convictions for second-degree assault were not predicate felonies under the ACCA because under Minnesota's assault statute, "'assault-fear' felonies include assaults that lack a physical force element and 'assault-harm' felonies require only bodily harm, which can be inflicted without the use of physical force." *Id.* at 739. The Eighth Circuit rejected the defendant's argument and held that threatening the use of physical

---

[1] Minn. Stat. § 609.2242.

11

force also constitutes a predicate offense so long as the force threatened is violent physical force. *Id.* at 740.

In deciding whether a prior conviction qualifies as a predicate offense under the ACCA, the Court must first apply the categorical approach, which looks "only to the fact of conviction and the statutory definition of the prior offense." *United States v. Eason*, 829 F.3d 633, 640 (8th Cir. July 14, 2016). In applying that method, this Court concludes that a defendant cannot be convicted of first-degree aggravated robbery without using, attempting to use, or threatening to use physical force. Thus, both clauses of the Minnesota aggravated-robbery statute qualify as violent felonies because both have "as an element the use, attempted use, or threatened use of physical force." *See Lindsey*, 827 F.3d at 740. When a robber is in possession of a dangerous weapon or other article made to look like a dangerous weapon, it involves the use, attempted use, or threatened use of physical force.[2]

Thus, Wisconsin's 2000 Battery statute and Minnesota's First-Degree Aggravated Robbery statute, in its form in 2008, qualified as predicate convictions that qualified Petitioner-Defendant as a career offender under the Guidelines.

IV. **Evidentiary Hearing**

---

[2] *See also United States v. Spight*, 2017 WL 947286 (D. Minn. Mar. 6, 2017) and *United States v. Pankey*, 2017 WL 1034581 (D. Minn. Mar. 16, 2017), where this Court made similar rulings.

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## V.     Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court clearly establishes that this Court would have sentenced Petitioner-Defendant to the same sentence, 164 months, whether Petitioner-Defendant was a career offender or not. However, even having so stated at this time and above, the Court continues to conclude that both prior convictions of Petitioner-Defendant were qualifying predicates under the Guidelines.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the entire record in this matter, including the plea hearing and sentencing transcripts, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Cain Lee Wiskow's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. No. [74]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 5, 2017         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge